Leonard C. EDWARDS, d/b/as Edwards Air Hose Bracket Company, Sapulpa, Oklahoma, Plaintiff,

v.

VELVAC, Inc., and Waller Carson, Milwaukee, Wisconsin, Defendants.

Civ. A. No. 5764.

United States District Court
E. D. Wisconsin.

Oct. 30, 1956.

Quarles, Spence & Quarles, Milwaukee, Wis., J. Preston Swecker, Washington, D. C., for plaintiff.

Irving A. Puchner, E. Eugene Kohls, Milwaukee, Wis., for defendants.

TEHAN, Chief Judge.

Plaintiff has filed with this court a motion to vacate, amend and reinstate its final order and opinion of March 12, 1956, reported at 140 F.Supp. 936. He relies on Federal Rules of Civil Procedure, Rule 60(a), 28 U.S.C.A. relating to Clerical Mistakes, and Rule 60(b) providing for relief from Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc., and asks that the findings of fact contained in the opinion be amended in two respects:

"1. State whether the 'triangular bracket, old in the art', referred to on page 8 of the Court's Opinion, is the same as the hose bracket for tractors referred to in the depositions described on page 4 of that same Opinion; and

"2. State whether the 'aggregation', referred to in the last paragraph on page 8 of the Court's Opinion, is the aggregation of the triangular bracket referred to in the

depositions, with a spring, which the Court also found to be old in the art, according to the paragraph next before the last on page 8 of the Court's Opinion."

It should be emphasized at the outset that this is not a case where the moving party has not had his day in court. After issue was joined, the matter was fully pre-tried, and after the provisions of the pre-trial order had been complied with, the matter was called up for trial. No suggestion has been made in this case that in the two days afforded for trial, both sides did not have adequate opportunity to present all their proofs. After all of the evidence was in, substantial time was allowed for the filing of briefs. After careful study of the transcript of testimony and the briefs submitted, this court filed a written twenty-page opinion which stands as the findings of fact and conclusions of law in this case, and ordered dismissal of the action on its merits. On the same day, copies of the opinion and order of this court were mailed to the attorneys for the parties pursuant to Rule 77(d) of the Federal Rules of Civil Procedure. No issue is raised that the notices so mailed were not promptly received by the parties.

We believe it reasonable to infer both from his failure to avail himself of his rights to move within the time limits of appropriate rules for a new trial or amendment of the judgment, and from his subsequent course of action, that plaintiff determined to seek his further relief in the Court of Appeals and not in the trial court.

In prosecuting his appeal, however, plaintiff-appellant did not file his notice of appeal with the District Court until April 12, 1956, which was one day late in complying with the provisions of Rule 73(a). In this respect it should be observed that no application was made to the trial court for enlargement of the thirty-day period upon the sole ground

allowable under that rule, to wit, upon a showing of "excusable neglect based on a failure of a party to learn of the entry of the judgment."

On or about July 31, 1956, defendants filed a motion before the United States Court of Appeals for the Seventh Circuit to dismiss the appeal herein on the ground that the notice of appeal was not filed within the time fixed by Rule 73(a) of the Federal Rules of Civil Procedure, that is, within thirty days from the entry of the final order dismissing the plaintiff's action. By answer of August 9, 1956, with supporting affidavit of August 7, 1956, presented before that court, the plaintiff opposed the defendants' motion to dismiss the appeal. The supporting affidavit set forth the reason for the late filing of the notice of appeal, it being occasioned by the fact that plaintiff's Milwaukee counsel was engaged in a jury trial on April 11, 1956, and plaintiff's Washington, D. C. counsel's air mail letter of April 9, 1956, with notice of appeal enclosure did not come to his personal attention until after the close of the working day on April 11, 1956. The Milwaukee attorney thereupon filed it on the morning of April 12, 1956, thirty-one days after the final order of this court.

The United States Court of Appeals for the Seventh Circuit in its Mandate dated August 14, 1956, dismissed the plaintiff's appeal as not timely made, it not appearing that the plaintiff had applied for or obtained an extension of time.

Shortly thereafter, and on August 23, 1956, the plaintiff filed with this court his motion to vacate, amend and reinstate, hereinbefore described.

The conclusion is inescapable that the plaintiff has now turned to this District Court in a last desperate effort to qualify his case for review before the Court of Appeals. It is obviously his purpose and hope by means of the motion before us to persuade this court to vacate the

order, make certain "clarifying amendments" to the findings of fact contained in the opinion and then enter a new order of dismissal. Since the net result of this whole operation proposed by plaintiff is, admittedly and at best, a correction of alleged clerical errors, we can only conclude that he assumes that a new thirty-day period will commence to run as of the date of the re-entered order within which he may take his appeal.

We recognize that the plaintiff finds himself in a difficult and embarrassing plight, and while we would ordinarily be sympathetic, that plight does not justify a warped and distorted application of Rules 60(a) or 60(b) or any rule of the Federal Rules of Civil Procedure.

It is apparent from plaintiff's opening memorandum filed shortly after the motion that he regards the matters, wherein he asks for amendment or clarification, as clerical mistakes or errors arising from oversight or omission from which relief can be had under the following rule, 60(a):

"(a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court."

It is difficult to treat seriously plaintiff's motion for "clarifying amendments" to the findings of fact. Counsel himself apparently recognizes the insubstantiality of his position by having accorded it only the most passing reference in his memoranda and oral argument. The only references made by him in his two memoranda are the following:

First Memorandum (Concluding Paragraph):

"While doing so, it is respectfully suggested that the meaning of the Court's Opinion would be clarified in the two particulars mentioned on page 8 thereof, if it be made clear that the triangular bracket, old in the art, is the same hose bracket referred to in the depositions, and also in the holding with respect to 'aggregation', that it is the hose bracket which the Court found to be old according to the depositions, combined with the spring which the Court also found to be old. These points would clarify the meaning, it is submitted, *which the Court apparently intended.*" (Italics ours.)

Second Memorandum (Concluding Paragraphs):

"While the motion refers to the amendment of the Findings of Fact, this is not a motion under Rule 59 for major changes in the Findings of Fact. It is a motion under Rule 60(a) for the correction of clerical mistakes, merely the identification of the parts referred to, *which it is quite apparent the Court evidently intended.* (Italics ours.)

"That sort of mistake can be corrected at any time. There is no limitation thereon according to the Rule. The Court would be justified, it is believed, in withdrawing the Judgment and Findings of Fact to correct such formal errors for clarification."

■ Where the intention of the court is "evident" and "apparent" as is here acknowledged by counsel, no grounds exist for amendment under Rule 60(a). The motion for relief in respect to Rule 60(a) is denied.

The contention presented in plaintiff's first memorandum that Rule 60(b) had some application in this case was completely unsupported in that this court was offered no instance of "mistake, in-

advertence, surprise, or excusable neglect," or anything of any nature either in the form of affidavit or by reference to any portion of the record before this court or the Court of Appeals to justify the use of this rule. Several weeks later, however, on September 28, 1956, the plaintiff, in an apparent attempt to supply grounds for the invocation of Rule 60(b) filed an affidavit relating to efforts of Washington and local counsel to file the notice of appeal. This affidavit was substantially to the same effect as the affidavit dated August 7, 1956, filed in the Court of Appeals, by the plaintiff in opposition to defendants' motion for dismissal of the appeal.

It is apparent from the substantially more extended treatment given on oral argument and written memoranda, that the plaintiff places greater, if not total reliance on this second contention that he is entitled to relief under Rule 60(b) (1) and (6). His position in this respect is as devoid of merit as his first contention. Rule 60(b) (1) and (6) in the respects urged, provides that:

> " * * * the court may relieve a party * * * from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment."

It should be emphasized at the outset that the express purpose of Rule 60(b) is to provide the court with the means of *relieving* a party from the oppression of a final judgment or order upon a proper showing. Plaintiff's motion is in no wise in accord with this fundamental purpose. While he does move that the final order be vacated and amended, he also asks that that identical final order be reinstated. In other words, the burden of the final order or judgment would still be in operation.

▆▆▆ Plaintiff has specified but two respects in which he asks for amendment of the findings of fact. He himself has

minimized them as "clerical errors" correctible under Rule 60(a), and we have accordingly dealt with them under such section. The most favorable intendment under the confused state of the pleadings that we can give him is that he also urges that these self-styled "clerical error" amendments be made under Rule 60(b), if leave is denied under Rule 60(a). Even if such relief were to be given, and the final order were reinstated, the burden of that final order would be unrelieved and the foundation upon which it rests—the findings of fact in the opinion—would be materially unchanged. It would seem unnecessary to observe that unless the purpose for which the rule was enacted can be achieved, it should not be employed. The plaintiff does not and cannot point to any instance of mistake, inadvertence, surprise or excusable neglect, the happening of which resulted in the entry of the judgment from which he asks relief. The only act or omission which is urged as an instance of excusable neglect or inadvertence is one which relates solely to an essential step in the appeals procedure. While Rule 60(b) (1) does not expressly say that a showing must be made that the final judgment, order, or proceeding was entered because of mistake, inadvertence, surprise, or excusable neglect, it appears to us implicit under the rule. Since it clearly appears that plaintiff does not in reality seek the relief to be afforded by 60(b), and obviously cannot demonstrate a relevant instance of excusable neglect, his motion in this respect must be denied.

Rule 60(b) and its counterparts in state statutes, have proven themselves to be valuable, equitable and humane discretionary powers by which courts have been able to relieve the oppressed from the burden of judgments unfairly, fraudulently or mistakenly entered. To use Rule 60(b) for the purpose of circumventing another rule, in this case Rule 73(a), would be a perversion of the rule and its purpose.

Whether the grant of the relief asked for here—vacation, amendment and reinstatement of the final order or judgment—would in a meritorious case have the effect of establishing new limits within which to file notice of appeal was not presented and is not decided.

Plaintiff's motion to vacate, amend and reinstate this court's final order of March 12, 1956, is denied.