[No. 34116.   *En Banc.*   March 13, 1958.]

FREDERICK B. COHEN *et al., Respondents,* v. ROBERT STINGL *et al., Appellants.*[1]

*Wright & Wright,* for appellants.

*John E. Bowen,* for respondents.

MALLERY, J.—The respondents (plaintiffs below) have moved to dismiss this appeal.

The cause was tried in the superior court of Kitsap county without a jury. On December 29, 1955, at a hearing requested by appellants, both parties submitted in open court their respective proposed findings of fact, conclusions of law, and judgments, and served copies upon the opposing parties.

As the presiding judge was from Clallam county, it was stipulated that the court would take all of the findings of fact, conclusions of law, and judgments with him to Port Angeles, where he would consider them and determine

[1] Reported in 322 P. (2d) 873.

which he would sign. At that time, the appellants were granted leave to serve and file a memorandum of additional authorities.

On January 6, 1956, the court signed the findings of fact, conclusions of law, and judgment submitted by the respondents. The court marked those submitted by the appellants "refused," and returned all of the findings of fact, conclusions of law, and judgments to the clerk of the superior court of Kitsap county, together with a letter of transmittal, copies of which were sent to both parties.

Upon payment of the fee, the findings of fact, conclusions of law, and judgment herein were filed on January 11, 1956. On January 13, 1956, the appellants filed their memorandum of authorities, and the respondents mailed them copies of their cost bill. The respondents sent a letter to the court and copies to the appellants, January 19, 1956, referring to the fact that judgment had already been entered.

The jurisdictional time for serving notice of appeal or moving for a new trial had elapsed when, on August 28, 1956, the respondents demanded payment of the judgment and costs. Thereupon, the appellants claimed surprise that the judgment had been *entered* and made a motion for a new trial. The court signed an "ORDER VACATING DATE OF ENTRY OF JUDGMENTS AND DENYING MOTION FOR NEW TRIAL," in which it recited, *inter alia*:

". . . the court finding that no notice of the entry of the Judgment on January 11th, 1956, was given except as hereinbefore referred to, the failure of the defendants timely to move against said Judgment *or appeal* therefrom was due to an excusable neglect, now, therefore, it is hereby

"ORDERED, ADJUDGED AND DECREED that the Judgments heretofore entered in Kitsap County cause No. 33860 and Kitsap County cause No. 34093 are hereby vacated and said Judgments shall be and they are hereby entered in their original terms as of September 26, 1956, upon the condition that the defendants Robert Stingl and Elsa Stingl, his wife, pay to the plaintiffs the sum of $34.80, to which the plaintiffs except and their exception is hereby allowed, . . ."
(Italics ours.)

The appellants then gave notice of appeal from the order denying a new trial and from the judgment.

■ The court's purpose in changing the date of the judgment from the time it was entered on January 11, 1956, to September 26, 1956, was to revive the time for taking an appeal. This it could not do. It is a well-established rule that a court may not permit, in any indirect manner, an extension of time for taking an appeal so as to evade an express jurisdictional requirement that the appeal must be taken within a certain time. 89 A. L. R. 941; 149 A. L. R. 741, 3 Am. Jur. 141, Appeal and Error, § 418. In *Credit Co. v. Arkansas Central R. Co.*, 128 U. S. 258, 32 L. Ed. 448, 9 S. Ct. 107, the court stated:

"When the time for taking an appeal has expired, it cannot be arrested or called back by a simple order of court. If it could be, the law which limits the time within which an appeal can be taken would be a dead letter."

This is not a case where a judgment has been vacated on some statutory ground for the purpose of changing some or all of its terms; indeed, the *order* purported to change only the *date* of the entry of the judgment.

■ Even if the order changing the date of the judgment be itself accorded the status of a judgment, a motion to dismiss the appeal, which brings the jurisdictional facts before this court, will lie. Rule on Appeal 51, 34A Wn. (2d) 55, makes a motion to dismiss the proper procedure by which to challenge the jurisdiction of this court on appeal. The respondents are only aggrieved by the appeal and not by the judgment. Hence, they need not appeal from the order changing the date. Indeed, to do so might very well open the door for a cross-appeal. This would defeat their purpose of sustaining the judgments and avoiding an appeal.

■ The original judgment was regularly entered. It was *submitted* in open court and no notice of *entry* of the judgment is required. Its terms have never been changed. The jurisdictional time for taking the appeal has elapsed. The order of October 31, 1956, cannot revive the lost right of appeal.

We, therefore, grant respondents' motion to dismiss the appeal herein. Respondents will recover their costs, except for their brief, which was filed late.

HILL, C. J., DONWORTH, FINLEY, WEAVER, ROSELLINI, and HUNTER, JJ., concur.

OTT, J. (concurring in part and dissenting in part)—The majority dismiss this appeal for the reason that the October 31st judgment shows on its face that the trial court lacked jurisdiction to enter it, in that the ground relied upon by the trial court for vacating the judgment of January 11, 1956, is not a statutory ground; hence, the January 11th judgment was never legally vacated and the subsequent judgment is void. I do not agree with the majority that the appeal should be dismissed, for the following reasons:

(1) The trial court vacated the January 11th judgment for the reason that adequate notice of its entry had not been given, and that such failure "was due to an excusable neglect."

Excusable neglect is a statutory ground for relieving an aggrieved party from the effects of a judgment. RCW 4.32-.240 [*cf.* Rem. Rev. Stat., § 303] provides in part:

"The court may . . . upon such terms as may be just, . . . and upon payment of costs, relieve a party, or his legal representatives, *from a judgment*, order or other proceeding taken against him through his mistake, inadvertence, surprise or *excusable neglect*." (Italics mine.)

The right to relieve a party of a judgment includes the right to set it aside or vacate it. *Leavitt v. De Young*, 43 Wn. (2d) 701, 263 P. (2d) 592 (1953).

It is conceded that the trial court found as a fact that excusable neglect was established. Since the judgment was vacated upon a statutory ground, the order vacating the judgment is not void on its face.

(2) This appeal is from the judgment of the court entered October 31st. It is this judgment that the majority hold is void. When an appeal is dismissed, the judgment appealed from remains in full force and effect as though no appeal was ever instituted. *Brady v. Onffroy*, 37 Wash. 482,

79 Pac. 1004 (1905). It follows then that, by dismissing this appeal, the alleged void judgment is the judgment which must be paid, if the clerk's judgment roll is to be satisfied.

In the instant case, the trial court found that

". . . the failure of the defendants timely to move against said Judgment or appeal therefrom was due to an *excusable neglect*, now, therefore, it is hereby

"ORDERED, ADJUDGED AND DECREED that the Judgments heretofore entered . . . *are hereby vacated* . . ." (Italics mine.)

In *Leavitt v. De Young, supra*, in which a judgment was vacated because of inadvertence, surprise or excusable neglect, we said [p. 706]:

"An order granting a motion to vacate such judgment will not be disturbed by this court unless there was a manifest abuse of discretion. [Citing cases.] . . .

". . . From our examination of the record pertaining to this matter, we cannot say that the court abused its discretion in so finding and in ordering the default judgment vacated."

Since discretion of the trial court is involved in vacating a judgment, that issue must be determined by this court on its merits. By the majority's dismissal of this appeal, the discretion of the trial court has not been reviewed. If it is determined, after review, that the trial court erred, the appeal should not be dismissed, but the judgment should be *reversed*, with instructions to the trial court to reinstate the judgment of January 11th.

(3) The trial court, in applying RCW 4.32.240, *supra*, allowed to the respondents, as just terms for the vacation of the judgment the sum of $34.80. This sum was paid by the appellants and accepted by the respondents, constituting a ratification and approval of the order of the court. The respondents are now estopped to impugn the validity of the order. It is a well-settled rule that

"A person who accepts the benefits of a judgment, decree, or judicial order is estopped to deny the validity thereof, whether the invalidity results from want of jurisdiction of the person or of the subject matter of the suit." 31 C. J. S. 357, § 110.

Accord, *Livesay Industries v. Livesay Window Co.*, 202 F. (2d) 378 (1953); *Wilson v. Union Electric Light & Power Co.*, 59 F. (2d) 580 (1932); *Braden v. Lewis*, 119 Cal. App. (2d) 84, 259 P. (2d) 16 (1953); *Multa Trina Ditch Co. v. Stobaugh*, 76 Colo. 451, 231 Pac. 48 (1925).

For the reasons stated, I conclude that the dismissal of this appeal is improper, and that this court should determine the appeal on its merits, in which event the judgment should be affirmed.

FOSTER, J. (dissenting)—I concur in the views expressed in Judge Ott's dissent except the affirmance on the merits.