Hymen R. FRANK

v.

NEW AMSTERDAM CASUALTY CO.

Civ. A. No. 18191.

United States District Court
E. D. Pennsylvania.

Feb. 16, 1961.

Norman Shigon, Philadelphia, Pa., for plaintiff.

E. Walter Helm, III, Philadelphia, Pa., for defendant.

LORD, District Judge.

█ The instant case was tried before this Court and a jury which rendered a verdict in favor of the plaintiff in the amount of $3,000 on October 18, 1960. Defendant's counsel did not file a motion for a new trial nor did he file an appeal from the verdict and the judgment. Defendant Company asserts that it had instructed its counsel to file such post-trial motions, and that counsel's omission was discovered only when the case was subsequently assigned to new counsel. At that point the time for filing post-trial motions had expired. The defendant now seeks relief under Federal Rule of Civil Procedure 60(b) (1) and (2), 28 U.S. C.A., for its former counsel's failure to file motions due to "illness or inadvertence".

Fed.R.Civ.P. 60(b) provides in part:

"(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * (6) any other reason justifying relief from the operation of the judgment."

Necessarily the application of this rule is within the discretion of the Court. Accordingly, the relief to be granted, if any, must be based upon the considerations of each case. Tozer v. Charles A. Krause Milling Co., 3 Cir., 1951, 189 F.2d 242; Assmann v. Fleming, 8 Cir., 1947, 159 F.2d 332; Jackson v. Heiser, 9 Cir., 1940, 111 F.2d 310. This Court is cognizant that relief from final judgment must also turn upon the resolution of two divergent ends, namely the termination of litigation versus the demands of the party litigants. 6 Moore, Federal Practice 4013 (1953).

█ Defendant contends that its counsel's omission constitutes excusable neglect within the term of Fed.R.Civ.P. 60(b) (1). The Court finds that the defendant's view is untenable. An omission or any carelessness on the part of counsel does not automatically constitute "excusable neglect" as the term is employed in Fed.R.Civ.P. 60(b) (1). Doyle v. Rice Ranch Oil Co., 1938, 28 Cal.App.2d 18, 81 P.2d 980, cited in Ledwith v. Storkan, D.C.Neb.1942, 2 F.R.D. 539. In Edwards v. Velvac, D.C.E.D.Wis.1956, 19 F.R.D. 504, 507, counsel failed, by one day, to seasonably file notice of appeal. The court, in denying relief, stated:

"The plaintiff does not and cannot point to any instance of mistake,

inadvertence, surprise or excusable neglect, the happening of which resulted in the entry of the judgment from which he asks relief. The only act or omission which is urged as an instance of excusable neglect or inadvertence is one which relates solely to an essential step in the appeals procedure. While Rule 60(b) (1) does not expressly say that a showing must be made that the final judgment, order, or proceeding was entered because of mistake, inadvertence, surprise or excusable neglect, it appears to us implicit under the Rule. Since it clearly appears that plaintiff does not in reality seek relief to be afforded by 60(b), and obviously cannot demonstrate a relevant instance of excusable neglect, his motion in this respect must be denied."

The leading case of Ledwith v. Storkan, supra, enunciates the basic proposition that the moving party must articulate the specific reasons which constitute excusable neglect. The defendant has only offered a general conclusion; it has not offered any extenuating circumstances or reasons surrounding counsel's failure to follow instructions. This Court therefore concludes that this omission, without a further showing of extenuation, does not constitute "excusable neglect" within the purview of Fed.R.Civ.P. 60(b) (1).

The defendant corporation by its very nature is involved in frequent litigation. It maintains or should maintain an adequate system of safeguards to insure that its interests are adequately represented. It is in a substantially better position to do this than the non-corporate litigant. It is not unreasonable to impose a duty on the defendant to conform to a standard of ordinary prudence in a situation like the present one. Roberts v. Allman, 1890, 106 N.C. 391, 11 S.E. 424.

Defendant has presented a line of authorities which have granted relief for inadvertence of counsel under Fed.R.Civ. P. 60. These cases are clearly distinguishable from the instant case. In the present case the defendant has had his "day in court" where all questions were presented and decided by the trial judge. Parenthetically there is no allegation of neglect during the trial. However, in the proffered cases the parties seeking relief did not have their original causes of action litigated. In addition to the factors alluded to earlier, this Court feels that this factor must be strongly considered in the present determination. See Weller v. Socony Vacuum Oil Co., D.C.S.D.N.Y. 1941, 2 F.R.D. 158 [order dismissing action for lack of prosecution vacated due to counsel's failure to serve bill of particulars]; Wolfsohn v. Raab, D.C.E.D. Pa.1951, 11 F.R.D. 254 [default judgment set aside due to counsel's error in time calculation]; United States, for Use of Kantor Bros. v. Mutual Const. Corp., D.C.E.D.Pa.1943, 3 F.R.D. 227 [default judgment set aside for failure to file answer due to counsel's engagement as Assistant United States Attorney]; Standard Grate Bar Co. v. Defense Plant Corp., D.C.M.D.Pa.1944, 3 F.R.D. 371 [default judgment vacated due to confusion as to proper representation of parties].

■ Further, a grant of relief without a further showing by the defendant would vitiate the purpose of Rule 73(a). Edwards v. Velvac, Inc., supra. Rule 60 may not be used as a substitute for appeal. 7 Moore, Federal Practice 297.

■■ Defendant's motion for relief is two-pronged since it also relies on Fed.R.Civ.P. 60(b) (6). The Court cannot agree that subsection (6) is available to the defendant in the present proceeding. Rule 60(b) by its implication casts subsections (1) and (6) as mutually exclusive remedies. 7 Moore, Federal Practice 295 (1953); Klapprott v. United States, 1949, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266; United States v. Karahalias, 2 Cir., 1953, 205 F.2d 331. Notwithstanding this and without attempting to make a technical distinction, the Court further determines that the defendant

has not presented a basis for relief under Fed.R.Civ.P. 60(b) (6).

It is accordingly ordered that Defendant's Motion be and the same is hereby denied.