**6,656 SQ. FT., more or less; D. W. Collart, Hazel Collart, Jerry Lee Collart; City of Kodiak; Kodiak Island Borough; Ruth C. Coffin; and all unknown owners, Appellants,**

v.

**STATE of Alaska, Appellee.**

**No. 981.**

Supreme Court of Alaska.

July 9, 1969.

George Vogt, Kodiak, for appellants.

No appearances for appellee.

Before NESBETT, C. J., and DIMOND, RABINOWITZ, BONEY and CONNOR, JJ.

DIMOND, Justice.

In a condemnation action brought by the state a master's report was filed on August 21, 1967, valuing appellants' land at $8,610. On September 28, 1967 appellants Ruth Coffin and D. W. Collart filed a notice of appeal from the master's report. On the appeal a jury trial was held and a verdict returned valuing appellants' land at $14,976.[1]

---

**1.** AS 09.55.320 provides:

*Right to jury trial as to damages and value of property.* An interested party may appeal the master's award of damages and his valuation of the prop-

Approximately two weeks after the jury's verdict was returned, the state moved under Civil Rule 12(h)(2)[2] to set aside the verdict and dismiss the appeal from the master's report. The state's theory was that the court had no jurisdiction to hear the appeal because appellants' notice of appeal had not been filed within 10 days after service of the notice of the filing of the master's report, as required by Civil Rule 72(h)(4).[3] After the motion to dismiss had been filed, appellants moved for an order enlarging the time for filing the notice of appeal from the master's report. This latter motion was denied and the state's motion to dismiss the appeal was granted. An appeal was then taken to this court.

In denying appellants' motion for enlargement of time and granting the state's motion to dismiss the appeal, the superior court was of the view that the 10-day period for appealing from a master's report under Civil Rule 72(h)(4) was "jurisdictional", in the sense that the court had no jurisdiction to grant an extension of time to take an appeal if the application for such extension was not made within 10 days after service of notice of the filing of the master's report.

■ We believe the court was mistaken. We held in State v. 1.163 Acres, More or Less, Chuckwm, Inc.,[4] that the 10-day time requirement in Civil Rule 72(h)(4) did not preclude the court from granting an enlargement of time for taking an appeal under Civil Rule 6(b). The latter rule provides that the specified period within which an act is required to be done under the rules may be enlarged even if the motion for enlargement is filed after expiration of the specified period, where the failure to act was the result of excusable neglect.[5] And there is no question of jurisdiction involved apart from the question as to when the motion for enlargement of time was made. The court has jurisdiction over an appeal taken after the time prescribed by rule, either by virtue of its authority to enlarge the time for taking the appeal under Civil Rule 6(b), or by virtue of its authority under Civil Rule 94[6] to relax or dispense with a rule in any case where it shall be manifest to the court that

---

erty, in which case there shall be a trial by jury on the question of the amount of damages and the value of the property, unless the jury is waived by the consent of all parties to the appeal.

2. Civ.R. 12(h)(2) provides:
A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply, except * * * (2) that, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. * * *

3. Civ.R. 72(h)(4) provides:
A party who has appeared or answered before the filing of a master's report may appeal within ten (10) days after being served with notice of the filing of the master's report. Any other interested person desiring to appeal from a master's report must take his appeal within ten (10) days after the filing of such report.

4. 449 P.2d 776, 778–779 (Alaska 1968).

5. Civ.R. 6(b) provides:
When by these rules or by a notice given thereunder or by order of the court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under rules 25, 50(b), 52(b), 59(b), and (d) and (e), and 60(b), except to the extent and under the conditions stated in them.

6. Civ.R. 94 provides:
These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice.

a strict adherence to the rule would work injustice.[7] It was error for the court to deny appellants' motion for enlargement of time for appeal and to dismiss the appeal on the basis of a lack of jurisdiction.

In his brief on appeal, and in an affidavit filed in support of the motion for enlargement of time in the superior court, appellants' counsel asserts facts which he contends justified the granting of the motion. He states that he resides and practices law in Kodiak, Alaska, that the notice of filing of the master's report was mailed to him from Anchorage on August 31, 1967, that following receipt of the notice he flew to Anchorage to confer with the state's attorney regarding this case and two other condemnation actions in which he was involved, that the latter two cases were settled at the conference, and that it was determined that an appeal would be taken as to this case. According to appellants' counsel, on the conference date there were then three days remaining of the 10-day time period for filing the notice of appeal under Civil Rule 72(h)(4), that counsel had no office and no secretary in Anchorage and in order to prepare a notice of appeal he would have been required to use commercial secretarial services, that before returning to his office in Kodiak he wished to travel to Kenai on business, and that because of these circumstances the attorney for the state agreed with appellants' counsel that the notice of appeal could be filed upon the latter's return to Kodiak. The notice of appeal was filed on September 28, 1967, which counsel states was upon his return to Kodiak from Anchorage by way of Kenai.

Counsel also states that the matter of the late filing of the appeal was brought to the attention of the superior court judge, and that the judge "stated that if no one else raised the point, he saw no reason why he should." Finally, counsel points to the fact that the state did not raise any question as to the timeliness of the appeal until after the case had been tried by a jury and a verdict returned.

■ We shall not pass upon the questions of whether what counsel has recited amounts to a showing of excusable neglect under Civil Rule 6(b) so as to justify the granting of appellants' motion for enlargement of time for taking the appeal, or whether it constitutes a sufficient showing under Civil Rule 60(b)[8] so as to justify the court in relieving appellants from the order dismissing their appeal in the event appellants file an appropriate motion for relief under that rule, or whether this is an appropriate case under Civil Rule 94 for the court to relax or dispense with the requirement of Civil Rule 72(h)(4) as to the time for taking an appeal from a master's report. These matters are committed in the first instance to the discretion of the superior court. It is not our function to pass upon such matters until after the superior court's discretionary power has been exercised. Since the court below has not decided those questions, the case will be remanded in order that that may be done.

The order denying appellants' motion for an enlargement of time for filing a notice of appeal and dismissing the appeal from the master's report is reversed. The case is remanded for further proceedings consistent with the views expressed in this opinion.

7. Vogt v. Winbauer, 376 P.2d 1007, 1010 (Alaska 1962); Bridges v. Alaska Housing Authority, 349 P.2d 149, 155 (Alaska 1959).

8. Civ.R. 60(b) provides in part:
   On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
   (1) mistake, inadvertence, surprise or excusable neglect;
   \*     \*     \*     \*     \*
   (6) any other reason justifying relief from the operation of the judgment.