(644 P.2d 494)
No. 53,363

THE CITY OF KANSAS CITY, a municipal corporation, *Appellee,* v. CRESTMOORE DOWNS, INC., *Appellant.*

Petition for review denied June 28, 1982.

Opinion filed May 6, 1982.

*Rod L. Richardson* and *Frank Saunders, Jr.,* of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, and *L. D. McDonald,* of McDonald and Dykes, of Overland Park, for the appellant.

*Edward H. Powers, Jr.,* of Kansas City, for the appellee.

Before SPENCER, P.J., PARKS, J., and RONALD D. INNES, District Judge Assigned.

INNES, J.: This is an appeal from a judgment of the district court which resulted in the dismissal of an appeal to the district court of the appraisers' award in a condemnation proceeding. The district court held that, since the notice of appeal was not filed within thirty days from the filing of the appraisers' report as required by K.S.A. 26-508, the court lacked jurisdiction to hear the appeal.

There is no dispute as to the facts. On September 30, 1980, the appellee, City of Kansas City, Kansas, filed an eminent domain proceeding pursuant to K.S.A. 26-201 *et seq.* to acquire easements to lands, or interest and rights therein. There were numerous defendants named in the petition, one of which was the appellant, Crestmoore Downs, Inc. The condemnation proceeding, which apparently was proper in all respects, resulted in an appraisers' award to the appellant of $37,500. The appraisers' report was filed on December 22, 1980.

Upon learning of the appraisers' award, Joseph A. Maderak, an officer of the appellant, contacted an attorney on January 6, 1981. The attorney, who professed to specialize in eminent domain proceedings, agreed with Maderak to represent the appellant and thereafter departed for a family vacation on January 10, 1981. He returned on January 19, 1981. The vacation was prompted by the

attorney having experienced the untimely deaths of his father and father-in-law within a sixty-day period the summer of 1980.

Upon appellant's attorney returning from his vacation, he received a copy of a letter from appellee's attorney advising that appellee had paid the money into court, and that the appellant had the right to appeal the award. The payment of the award appears to have occurred approximately twenty-five days after the filing of the appraisers' report.

In anticipation of perfecting an appeal for appellant, counsel relied on the date of the letter rather than the date the appraisers' report was filed in calculating the thirty-day period for the filing of the notice of appeal. On Saturday, January 24, 1981, counsel discovered he had confused the two dates and on Monday, January 26, 1981, immediately filed the notice of appeal from the award and notified opposing counsel of the circumstances.

On January 30, 1981, counsel for appellant filed a motion seeking permission to file its appeal out of time. The motion alleged excusable neglect pursuant to K.S.A. 60-260(*b*) and/or requested an enlargement of the time for filing the appeal as provided by K.S.A. 60-206(*b*). In support of the motion, the appellant filed a sworn affidavit of appellant's counsel reciting the circumstances surrounding the failure to file the notice of appeal.

Although proffered, the district court refused to consider appellant's counsel's affidavit and ruled that the district court was without jurisdiction to enlarge the appeal period of K.S.A. 26-508.

The appeal period from appraisers' awards is controlled by K.S.A. 26-508, which provides in part:

"If the plaintiff, or any defendant, is dissatisfied with the award of the appraisers, he may, within thirty (30) days after the filing of the appraisers' report, appeal from the award by filing a written notice of appeal with the clerk of the district court."

The procedural remedies sought by the appellant were K.S.A. 60-206(*b*) and K.S.A. 60-260(*b*). K.S.A. 60-206(*b*) states:

"*When by this chapter* or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the judge for cause shown may at any time in the judge's discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under K.S.A. 60-250(*b*), 60-252(*b*), 60-259(*b*), (*d*) and

(*e*) and 60-260(*b*) except to the extent and under the conditions stated in them."
Emphasis added.

K.S.A. 60-260(*b*) states in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party or said party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ."

The crux of the appellant's first contention is that the trial court had authority to extend the time for appeal under K.S.A. 60-206(*b*). A careful reading of the statute contradicts such a contention. K.S.A. 60-206(*b*) allows enlargement of time only in acts under Chapter 60. Eminent domain actions arise from Chapter 26. Therefore, K.S.A. 60-206(*b*) does not apply.

The appellant does cite *Collart v. State,* 456 P.2d 480 (Alaska 1969), which is a case with almost identical facts. There the plaintiff's appeal was filed several days late and the trial court granted the defendant-State's motion for dismissal, holding the time for appeal was jurisdictional. The Supreme Court reversed, holding Civil Rule 6 (b) [same as K.S.A. 60-206(*b*)] allowed a court to enlarge the time for appeal, and remanded the case for a trial court to determine if there was excusable neglect.

Alaska Stat. § 09.55.320 (1973) bestows appellate jurisdiction on the Alaska courts from a master's appraisal of property in eminent domain proceedings. The statute does not set forth time limitations for the appeal. In the Alaska Rules of the Court, promulgated by the Alaska Supreme Court, Civil Rule 72 (h) (4) sets forth the time to appeal from the appraisal of a master in eminent domain proceedings. It appears therefore that Civil Rule 72 (h) (4) is subject to Civil Rule 6(b), which allows enlargement of any time limitations in the civil rules except a few provisions not applicable here. The time limitations of K.S.A. 26-508, on the other hand, because they are not part of Chapter 60 and appear to be jurisdictional in nature, are not subject to K.S.A. 60-206(*b*), the Kansas counterpart of Alaska's Civil Rule 6 (b). Thus, *Collart v. State,* upon close analysis, is not persuasive in Kansas.

Appellant's second contention is that the trial court erred in refusing to apply K.S.A. 60-260(*b*)(1) and allow appellant to proceed despite excusable neglect. The excusable neglect in this case was the attorney's failure to timely file a notice of appeal. Assuming *arguendo* that K.S.A. 60-260(*b*) may be applied to

awards from appraisers under K.S.A. 26-501 *et seq.,* the appellant's contention is without merit. Federal interpretation of the rules of civil procedure are persuasive authority in Kansas. *Henderson v. Hassur,* 1 Kan. App. 2d 103, 107, 562 P.2d 108 (1977). In 11 Wright & Miller, Federal Practice and Procedure: Civil § 2858 (1973), p. 169, the federal approach concerning this issue was discussed:

"The instances just discussed evidence the liberality with which courts have applied this portion of the rule. In the words of one court:

'Rule 60 (b) and its counterparts in state statutes, have proven themselves to be valuable, equitable and humane discretionary powers by which courts have been able to relieve the oppressed from the burden of judgments unfairly, fraudulently or mistakenly entered.'

But the court went on to say that it would be a perversion of the rule and its purpose to permit it to be used to circumvent another rule. Thus it refused to reopen a judgment when the only 'excusable neglect' to which the party could point was that he had failed to take an appeal within the time the rules allow."

Citing *Edwards v. Velvac, Inc.,* 19 F.R.D. 504, 507 (E.D. Wis. 1956). Thus it may be stated that there was no excusable neglect in this case as a matter of law. Even if the trial court erred in refusing to consider the motion under K.S.A. 60-260(*b*), such error is harmless as it should have been denied in any event. K.S.A. 60-2105.

Appellant's final contention is that K.S.A. 60-206(*b*) might apply through the appeal statute of K.S.A. 1981 Supp. 60-2101(*d*). K.S.A. 1981 Supp. 60-2101(*d*) states:

"A judgment rendered or final order made by an administrative board or officer exercising judicial or quasi-judicial functions may be reversed, vacated or modified by the district court on appeal. *If no other means for perfecting such appeal is provided by law,* it shall be sufficient for an aggrieved party to file a notice that such party is appealing from such judgment or order with such board or officer within thirty (30) days of its entry, and then causing true copies of all pertinent proceedings before such board or officer to be prepared and filed with the clerk of the district court in the county in which such judgment or order was entered. The clerk shall thereupon docket the same as an action in the district court, which court shall then proceed to review the same, either with or without additional pleadings and evidence, and enter such order or judgment as justice shall require. A docket fee shall be required by the clerk of the district court as in the filing of an original action." Emphasis added.

Here, K.S.A. 26-508 provides the means for appeal, so K.S.A. 1981 Supp. 60-2101(*d*) does not apply. Therefore, K.S.A. 60-206(*b*) cannot apply.

Affirmed.