[No. 14858-7-II.    Division Two.    March 21, 1994.]

DEBORAH P. PYBAS, ET AL, *Respondents*, v. JOSEPH PAOLINO, *Appellant*.

*C. Joseph Sinnitt* and *Sinnitt & Sinnitt; Timothy R. Gosselin* and *Burgess, Fitzer, Leighton & Phillips, P.S.,* for appellant.

*Jan E. Brucker,* for respondents.

PETRICH, J.* — Joseph Paolino appeals an order vacating a judgment entered on a mandatory arbitration award. The vacation order had the effect of extending the time period during which Edmund Hill, a coplaintiff, could obtain a trial de novo.

The question presented is whether a superior court judge, lacking the authority to extend the time for requesting a trial de novo to supersede an arbitration award, abuses his discretion by allowing entry of judgment on the award and, thereafter, vacating it, pursuant to CR 60(b), on the basis of excusable neglect. We hold that the superior court's authority to vacate such a judgment is limited to those cases that involve such extraordinary circumstances that a vacation is necessary in order to prevent a gross miscarriage of justice. Applying this standard to the case before us, we conclude that the Superior Court abused its discretion and we reverse its decision.

On May 13, 1987, Paolino, Hill, and Deborah Pybas collided while driving southbound on Interstate 5 through Pierce County. Pybas and Hill sued Paolino, claiming his negligence caused the accident. The case went before an arbitrator pursuant to RCW 7.06 and the Superior Court Mandatory Arbitration Rules. On May 21, 1990, the arbitrator's award in favor of Pybas and Hill was filed with the clerk of the Pierce County Superior Court together with proof of service on the parties.

---

*Judge John A. Petrich was a member of the Court of Appeals at the time oral argument was heard on this matter. He is now serving as a judge pro tempore of the court pursuant to CAR 21(c).

Hill was dissatisfied with the amount of the award and chose to file a request for a trial de novo. The deadline for filing this request was 20 days after the date of the filing of the arbitration award; Monday, June 11, 1990. On Friday, June 8, 1990, Hill's attorney asked a staff member of her office to have a private messenger service serve the request for trial de novo on opposing counsel and file the request together with proof of service with the clerk of the Superior Court. The messenger service picked up the request that same day, advised the staff member of the attorney's office that special handling instructions were not necessary, and assured the staff member that the request would be served and filed before the deadline.

Although the request was served on opposing counsel within the deadline, the request for a trial de novo was not timely filed with the superior court clerk. On June 12, Hill's attorney learned that the legal messenger service had not filed the request. On June 13, 2 days after the filing deadline, the messenger service filed the request with proof of service with the superior court clerk.

On December 14, 1990, the Superior Court, on Hill's motion to extend the time for making the request, ruled that it had no such authority.[1] Nevertheless, the court determined that it could vacate the judgment under CR 60(b)(1) if it found the judgment had been entered because of Hill's excusable neglect.[2] On March 20, 1991, the court

---

[1]In *Jankelson v. Lynn Constr., Inc.*, 72 Wn. App. 232, 864 P.2d 9 (1993), this division of the Court of Appeals ruled that the Superior Court was without authority to extend the time for a request for a trial de novo where the request was filed within the 20-day time limit but service of the request was not accomplished until later. In reaching this conclusion the court compared the time constraints of MAR 7.1 with those involved in *Schaefco, Inc. v. Columbia River Gorge Comm'n*, 121 Wn.2d 366, 849 P.2d 1225 (1993), where the Supreme Court held that trial courts could not extend the time to file and serve a motion for reconsideration prescribed by CR 59 and CR 6.

[2]In relevant part, CR 60(b) provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

"(1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order . . .."

entered the judgment, which it vacated on March 29, 1991, on the basis of Hill's excusable neglect. It also allowed the case to "proceed with a trial de novo".

Paolino appeals to this court, contending the Superior Court erred in finding excusable neglect under the facts of this case. Thus, we must determine when a superior court can use CR 60(b) to circumvent the deadline for filing a request for a trial de novo of a mandatory arbitration proceeding.

The Legislature empowered counties to authorize mandatory arbitration for certain civil actions. RCW 7.06. The purpose of the legislation was to alleviate court congestion and to reduce the delay in hearing civil cases. *Christie-Lambert Van & Storage Co. v. McLeod*, 39 Wn. App. 298, 302, 693 P.2d 161 (1984); 4A Lewis H. Orland & Karl B. Tegland, Wash. Prac., *Rules Practice* § 5871, at 19 (1990). The legislation authorized the Washington Supreme Court to adopt rules of procedure for arbitration cases. RCW 7.06.030.

The Legislature provided a method of appealing from an arbitration award and, if no appeal was taken, a method for reducing the arbitration award to judgment:

> Following a hearing as prescribed by court rule, the arbitrator shall file his decision and award with the clerk of the superior court, together with proof of service thereof on the parties. Within twenty days after such filing, any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact. Such trial de novo shall thereupon be held, including a right to jury, if demanded.
>
> If no appeal has been filed at the expiration of twenty days following filing of the arbitrator's decision and award, a judgment shall be entered and may be presented to the court by any party, on notice, which judgment when entered shall have the same force and effect as judgments in civil actions.

RCW 7.06.050.

Two of the rules the Supreme Court promulgated are relevant here: MAR 7.1 and 6.3. MAR 7.1 provides, in pertinent part:

(a) **Service and Filing.** Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case. The 20-day period within which to request a trial de novo may not be extended. . . .

(b) **Calendar.** When a trial de novo is requested as provided in section (a), the case shall be transferred from the arbitration calendar . . . in a manner established by local rule.

MAR 6.3 provides:

If within 20 days after the award is filed no party has sought a trial de novo under rule 7.1, the prevailing party on notice as required by CR 54(f) shall present to the court a judgment on the award of arbitration for entry as the final judgment. A judgment so entered is subject to all provisions of law relating to judgments in civil actions, but it is not subject to appellate review and it may not be attacked or set aside except by a motion to vacate under CR 60.

It is this latter rule the Superior Court viewed as giving it authority to vacate the judgment under CR 60(b). Paolino argues that the 20-day time limit to request a trial de novo under MAR 7.1 is mandatory and jurisdictional and may not be extended. He argues that a CR 60(b) motion to vacate the judgment is not a substitute for a timely request; that in light of the policy of achieving finality in legal disputes, relief from a judgment by a CR 60(b) motion should apply only when extraordinary circumstances exist as demonstrated by the limited application of the rule to cases involving an untimely notice of appeal; and that no such extraordinary circumstances exist here.

Hill disputes Paolino's jurisdictional thesis, pointing out that Hill's cited authorities involve attempts to invoke the jurisdiction of an appellate court by an untimely notice of appeal, a question not at issue here as the Superior Court had jurisdiction of the controversy and the parties. Further, he argues that the applicable rules and statutes should be interpreted so as to allow consideration of the substantive issues raised; that CR 60(b) should be liberally applied here as it is in cases concerning vacation of default judgments; that his reliance on the private messenger service's representa-

tions was excusable neglect; that Paolino suffered no prejudice; and that the Superior Court did not abuse its discretion in vacating the judgment and ordering a trial de novo.

The limits on a superior court's authority to vacate a judgment, entered on an arbitration award from a mandatory arbitration proceeding, have not been defined and present an issue of first impression. We note first that the current state of the law is to interpret rules and statutes to reach the substance of matters so that substance prevails over form. *Weeks v. Chief of Wash. State Patrol*, 96 Wn.2d 893, 896, 639 P.2d 732 (1982) (Court of Appeals properly extended the time for filing a notice of appeal in order to serve the ends of justice and addressed the merits of the controversy, even though the timely notice of appeal was filed with the Court of Appeals rather than the superior court). We also note, however, that the relevant statutes and rules here contain explicit constraints on the procedures for reviewing an arbitration award.

For example, the review of an arbitrator's award is carefully circumscribed. The rules specifically prohibit an extension of the 20-day time period for requesting a trial de novo. MAR 7.1(a). Furthermore, a judgment on the award is not subject to appellate review, nor subject to attack or vacation except by a motion to vacate under CR 60. MAR 6.3. The objectives behind these rules are clearly apparent: promoting the finality of disputes; alleviating court congestion; and reducing the delay in having civil cases heard.

■■ While the rules provide limited relief from a judgment on an arbitration award, CR 60 cannot be used merely to circumvent the time constraints of other rules. *Edwards v. Velvac, Inc.*, 19 F.R.D. 504, 507 (E.D. Wis. 1956), *cert. denied*, 354 U.S. 942 (1957); 11 Charles A. Wright & Arthur R. Miller, *Federal Practice* § 2858, at 169 (1973). *See also ML Park Place Corp. v. Hedreen*, 71 Wn. App. 727, 743, 862 P.2d 602 (1993) ("CR 60 motion to set aside a judgment confirming an arbitration award can only be brought on the grounds of a defect inherent in the judgment itself or in the means (*i.e.*, 'the court proceedings') by which it was

obtained."). A superior court's decision to vacate a judgment under CR 60(b) is within its discretion and will be overturned on appeal only where it plainly appears that the court has abused its discretion. *State v. Santos*, 104 Wn.2d 142, 702 P.2d 1179 (1985). As our Supreme Court has noted:

> Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *State ex rel. Clark v. Hogan*, 49 Wn.2d 457, 303 P.2d 290 (1956). Where the decision or order of the trial court is a matter of discretion, it will not be disturbed on review except on a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons. *MacKay v. MacKay*, 55 Wn.2d 344, 347 P.2d 1062 (1959); *State ex rel. Nielsen v. Superior Court*, 7 Wn.2d 562, 110 P.2d 645, 115 P.2d 142 (1941).
>
> Whether this discretion is based on untenable grounds, or is manifestly unreasonable, or is arbitrarily exercised, depends upon the comparative and compelling public or private interests of those affected by the order or decision and the comparative weight of the reasons for and against the decision one way or the other.

*State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

To determine here whether the Superior Court abused its discretion requires us to examine whether the court's finding of excusable neglect was based on untenable grounds or for untenable reasons in light of the "comparative and compelling public or private interests of those affected". *Carroll*, at 26. In examining this issue, we note a broad distinction exists between those cases allowing or disallowing an untimely appeal by virtue of a CR 60(b) motion or the rules on appeal and those cases allowing vacation of default judgments under CR 60(b), the former being more analogous to the case at hand. The policy consideration of favoring a hearing on the merits directly concerns those cases seeking relief from a default judgment, thus allowing for a more liberal application of the rules. That policy consideration has little relevance in cases involving an appeal where there has been a hearing on the merits, such as here where

nothing suggests that Hill was deprived of an opportunity to present his case at the arbitration hearing.

Hill argues that cases concerning the right to appeal have little relevance because they concern whether an appellate court has jurisdiction and here the jurisdiction of the Superior Court is unquestioned. This is a distinction without a difference. At issue is the extent of the court's authority, be it the superior court or the appellate court, to rule in a particular manner under the particular facts of a case.[3]

There are additional reasons why the standard employed in vacating a judgment on an arbitration award and allowing a trial de novo should be equal to or exceed the standard employed in vacating a judgment and reentering it in order to extend the time for appeal. The Superior Court's act of vacating the judgment and allowing a trial de novo gave Hill more than a right to argue for and possibly receive a new trial. It granted him a new trial. It gave him the opportunity to try his case again. Furthermore, if he is dissatisfied with the results of the new trial, he could appeal from that judgment.

In the context of vacating a judgment in order to extend the time for an appeal, our Supreme Court has identified conduct which is not excusable neglect. In *Cohen v. Stingl*, 51 Wn.2d 866, 322 P.2d 873 (1958), the court rejected the trial court's reasoning that excusable neglect justified an order vacating and reentering a judgment to preserve the right of appeal where the appellant was made aware that entry of judgment was imminent, but did not receive notice of entry, and expressed surprise when he learned that judgment had been entered. In dismissing the appeal, the court stated:

> The [trial] court's purpose in changing the date of the judgment from the time it was entered on January 11, 1956, to

[3]In the past, whether a proceeding was jurisdictional or procedural depended upon whether the rule declared it to be jurisdictional or not. Current rules of court no longer employ such terminology. Currently whether strict compliance is required, except in exceptional circumstances, depends on the nature of the words of command or direction in light of policy considerations. *State v. Ashbaugh*, 90 Wn.2d 432, 583 P.2d 1206 (1978).

September 26, 1956, was to revive the time for taking an appeal. . . . [S]o as to evade an express jurisdictional requirement that the appeal must be taken within a certain time. . . . In *Credit Co. v. Arkansas Central R. Co.*, 128 U. S. 258, 32 L. Ed. 448, 9 S. Ct. 107 [(1888)], the court stated:

"When the time for taking an appeal has expired, it cannot be arrested or called back by a simple order of court. If it could be, the law which limits the time within which an appeal can be taken would be a dead letter."

. . . .

The original judgment was regularly entered. It was *submitted* in open court and no notice of *entry* of the judgment is required. Its terms have never been changed. The jurisdictional time for taking the appeal has elapsed. The order of October 31, 1956, cannot revive the lost right of appeal.

(Some citations omitted.) *Cohen*, at 868.

RAP 18.8(b), by limiting the extension of time to file a notice of appeal to those cases involving "extraordinary circumstances and to prevent a gross miscarriage of justice", expresses a public policy preference for the finality of judicial decisions over the competing policy of reaching the merits in every case. Following this mandate, the court in *Reichelt v. Raymark Indus., Inc.*, 52 Wn. App. 763, 764 P.2d 653 (1988) refused to extend the time for filing a notice of appeal and dismissed the appeal, which was filed 10 days beyond the due date. The court rejected the appellant's argument that because one of the two trial attorneys on the case left the firm during the 30 days following entry of judgment, and the firm's appellate attorney had an unusually heavy workload at the time, extraordinary circumstances existed justifying an extension of time to avoid a gross miscarriage of justice. The court considered a lack of prejudice to the respondent as irrelevant, and noted that the prejudice of granting an extension of time would be "to the appellate system and to litigants generally, who are entitled to an end to their day in court." *Reichelt*, at 766 n.2.

Decisions of the Ninth Circuit Court of Appeals are consistent with these results. *See Stevens v. ITT Sys., Inc.*, 868 F.2d 1040 (9th Cir. 1989) (court rejected motion to vacate and reenter a judgment to allow an appellant to make a timely appeal where counsel was present when the trial

court orally granted summary judgment, but did nothing to ascertain the status of the case until 1 week after the time for filing an appeal had lapsed); *Kramer v. American Postal Workers Union*, 556 F.2d 929 (9th Cir. 1977) (mere failure of court to notify appellant that judgment has been entered was insufficient to permit vacation and reentry of judgment to preserve right of appeal; granting of motion was an abuse of discretion).

■■ We must determine what constitutes excusable neglect under CR 60(b)(1), such as to warrant vacating a judgment entered on an arbitration award. We note at the outset that this is an issue of first impression in Washington, although what constitutes excusable neglect generally is not. As the court noted in *Goldendale v. Graves*, 88 Wn.2d 417, 423, 562 P.2d 1272 (1977):

> In passing on what is excusable neglect, it is to be noted that neglect does not bar relief if "excusable." The concept of excusable neglect is not uncommon. It is found in other contexts, *e.g.*, RCW 4.32.240; CR 60(b). *See* RAP 1.2(a); *cf.* RAP 18.8. Illustrative cases although involving other fact patterns rest on principles useful here. *Sherman v. Southern Pac. Co.*, 31 Nev. 285, 102 P. 257 (1909); *Haskell v. Cutler*, 188 Okla. 239, 108 P.2d 146 (1940); *Turner v. Bolton*, 82 S.C. 502, 505, 64 S.E. 412 (1909).
>
> Each case of excusable neglect must rest on its own facts. *See First Nat'l Bank v. Stilwell*, 50 Ind. App. 226, 232, 98 N.E. 151 (1912).

(court found attorney's reliance on office clerk reasonable); *but see Goldendale*, at 425 (Stafford, J., dissenting) (drawing distinction between inability to comply and failure to comply).

We note also that a federal court's construction of a federal rule may be applied to a state court rule which is based on the federal rule. *In re Green*, 14 Wn. App. 939, 546 P.2d 1230 (1976). With this in mind, we look to the case of *Rodgers v. Watt*, 722 F.2d 456 (9th Cir. 1983). There the court applied a 4-part test to determine whether an attorney's secretary's failure to discover the entry of judgment was attributable to excusable neglect. The court considered: (1) the absence of

Fed. R. Civ. P. 77(d) notice, which required the court clerk to give notice to the parties of the entry of judgment; (2) the lack of prejudice to respondent; (3) the prompt filing of a motion after actual notice; and (4) the due diligence, or reason for lack thereof, by counsel in attempting to be informed of the date of the decision. After considering the lack of notice, the clerk's failure to properly docket the case, and the secretary's acts of repeatedly checking the docket to see if the judgment had been entered, the *Rodgers* court concluded that the trial court did not abuse its discretion in granting the motion to vacate the judgment.

Similarly, in *Zurich Ins. Co. v. Wheeler*, 838 F.2d 338 (9th Cir. 1988), the court upheld the trial court's granting of a motion to vacate a judgment on an untimely filed notice of appeal. The court considered the failure of the clerk to give notice, the representation of the clerk that the order had not been entered, the attorney's due diligence in checking with the clerk, the lack of prejudice to the respondent, the expectation that an appeal would be taken, and the prompt filing of the motion to vacate.

As to the issue of prejudice, we note that under these circumstances, the responding party can rarely show actual prejudice because the prejudice is to the system and an extension of time undermines the finality of a judgment. *Reichelt.* Nevertheless, under the circumstances presented here there is potential prejudice to Paolino.[4]

Applying these principles to the case at hand, we conclude that the Superior Court abused its discretion in vacating the judgment and allowing the case to proceed to a trial de novo.

---

[4]The court below apparently did not consider the potential prejudice to Paolino in granting its order vacating the judgment and authorizing the matter to proceed to a trial de novo. Paolino, citing *Sutton v. Hirvonen*, 113 Wn.2d 1, 9, 775 P.2d 448 (1989), argues that as a result of the vacation "the parties are left as though no judgment had ever been entered." (citations omitted) (quoting *In re Estate of Couch*, 45 Wn. App. 631, 634, 726 P.2d 1007 (1986)). He argues this, in effect, deprives him of the benefit of seeking costs and attorney fees in the event Hill does not improve his position over the arbitration award. *See* MAR 7.3. Hill acknowledges in his brief that the vacation "does indeed place the parties in the position as if no arbitration had occurred."

Hill was notified of the date of the entry of the arbitration award. Eighteen or more days elapsed before he made any attempt to seek a trial de novo. When only 2 days remained, Hill's counsel engaged the services of the legal messenger service. No extraordinary circumstances were presented to the Superior Court to justify the lapse of 18 days or more before any attempt was made to preserve the right to proceed to a trial de novo. Equally important, nothing was presented to show why the process server was unable to file the request with proof of service with the clerk's office, yet was able to make timely service on the opposing counsel only a few blocks away. Finally, there is nothing to suggest that Hill was in any way deprived of his opportunity to present his case to the arbitrator, or that the amount of the award was so disproportionate to Hill's actual damages so as to amount to a gross miscarriage of justice.

Under these circumstances, where the record fails to disclose any excusable reason for the failure to timely file the notice and fails to show that a denial of a trial de novo would result in a gross miscarriage of justice, we conclude that the Superior Court's decision was not based on tenable grounds and, as such, its order vacating the judgment constituted an abuse of its discretion. *See also B&J Roofing, Inc. v. Board of Indus. Ins. Appeals*, 66 Wn. App. 871, 832 P.2d 1386 (1992) (petition for review mailed to wrong party does not amount to excusable neglect); *Engleson v. Burlington Northern R.R.*, 972 F.2d 1038 (9th Cir. 1992) (attorney's ignorance of the law does not constitute excusable neglect under CR 60(b)(1) such as to justify equitable relief from a prior judgment); *Oregon v. Champion Int'l Corp.*, 680 F.2d 1300 (9th Cir. 1982) (counsel is chargeable with arguably negligent acts of his secretary); *Kansas City v. Crestmoore Downs, Inc.*, 7 Kan. App. 2d 515, 644 P.2d 494 (1982) (attorney's failure to timely file notice of appeal was not excusable neglect under rule 60(b)(1)).

Judgment reversed and the case is remanded with directions to reenter the judgment with an effective date of March 20, 1991.

SEINFELD, A.C.J., and ALEXANDER, J., concur.