[No. 8278–4–III. Division Three. May 21, 1987.]

GARY TROWBRIDGE, ET AL, *Respondents,* v. R. D. WALSH, ET AL, *Appellants.*

*Michael D. Kinkley*, for appellants.

*Dustin D. Deissner* and *Van Camp & Bennion*, for respondents.

Munson, J.—Gary and Donna Trowbridge moved to dismiss this appeal alleging the notice of appeal was untimely. The appeal was from a judgment entered upon an arbitration award after an arbitration proceeding. We find the notice of appeal was timely and deny the motion to dismiss.

The Walshes, being displeased with an arbitrator's decision, sought a trial de novo in the superior court pursuant to Mandatory Arbitration Rule 7.1. The Trowbridges moved to dismiss the request, alleging noncompliance with MAR 5.4, *i.e.,* "A party who fails to participate without good cause waives the right to a trial de novo." Ultimately, the superior court granted the Trowbridges' motion to dismiss and entered its order confirming that decision. Several months later, the Trowbridges entered judgment on the award. The Walshes appeal. The Trowbridges move to dismiss the appeal.

The Trowbridges contend the appeal is untimely inasmuch as the Walshes should have appealed from the superior court order denying a trial de novo, not the judgment. They contend RAP 2.2(a)(3) applies because the order denying the trial de novo was a "written decision affecting a substantial right in a civil case which in effect determines

the action and prevents a final judgment or discontinues the action."

The Walshes had a choice: they could have appealed from the order denying the trial de novo or from the final judgment. RAP 2.2(a) sets forth 13 superior court decisions from which an appeal may be taken. There is no prioritizing of those decisions other than they must of necessity be listed in some order. Here, there was an order which effectively discontinued the action, but there was also a final judgment.

The notice of appeal was timely. The motion is denied.

THOMPSON, A.C.J., and GREEN, J., concur.