[No. 8278-4-III.   Division Three.   May 24, 1988.]

GARY TROWBRIDGE, ET AL, *Respondents*, v. R.D. WALSH, ET AL, *Appellants*.

*Michael Kinkley,* for appellants.

*Dustin Deissner* and *Van Camp & Bennion,* for respondents.

THOMPSON, J.—The Walshes and Imperial Pools, Inc., appeal the superior court's denial of their request for a trial de novo, after mandatory arbitration resulted in an award in favor of the Trowbridges. We reverse.

The Trowbridges brought suit in August 1984 against the Walshes and Imperial Pools, Inc., for defects in a swimming pool they purchased and had installed in May 1974. Warranty and Consumer Protection Act claims were included.

After various pleadings were filed and depositions taken, the case was set for arbitration. Both sides participated in choosing an arbitrator.

At the arbitration hearing on January 15, 1986, the defendants' attorney was present, but due to an apparent communication problem the Walshes were not at the hearing. Their attorney presented argument, cross–examined the plaintiffs' witnesses, filed a memorandum with the arbitrator, published depositions, and presented the original contract and warranty documents.

On January 28, 1986, the defendants asked the arbitrator to allow them an opportunity to present additional testimony. However, the arbitrator had already made his decision on January 29, 1986, before having received the request; he awarded $10,000 to the Trowbridges. Later, he denied the defendants' request to present further testimony. On the standard arbitration award form, the arbitrator checked the box indicating his decision was based in part on the failure of a party to participate.

The Walshes and Imperial Pools, Inc., filed a timely request in superior court for trial de novo. The court denied the request, based upon MAR 5.4 and a finding they had failed to participate in the arbitration hearing without good cause. Judgment was entered on November 14, 1986.

The Walshes and Imperial Pools, Inc., appealed. This court held, in *Trowbridge v. Walsh,* 47 Wn. App. 760, 737 P.2d 687 (1987) the notice of appeal was timely and denied the Trowbridges' motion to dismiss. The Supreme Court denied discretionary review of that decision.

The Walshes and Imperial Pools, Inc., make several arguments, including whether MAR 5.4 is statutorily invalid, clashing with RCW 7.06.050 and RCW 7.06.070,[1] or constitutionally invalid, infringing upon the right to trial by jury. Because we determine the trial court erred on a much narrower basis, we need not reach these issues.

MAR 5.4 provides:

> The arbitration hearing may proceed, and an award may be made, in the *absence* of any party who after due notice fails to participate or to obtain a continuance. If a defendant is *absent,* the arbitrator shall require the plaintiff to submit the evidence required for the making of an award. In a case involving more than one defendant, the *absence* of a defendant does not preclude the arbitrator from assessing as part of the award damages against the defendant or defendants who are *absent.* The arbitrator, for good cause shown, may allow an *absent* party an opportunity to appear at a subsequent hearing before making an award. *A party who fails to participate without good cause waives the right to a trial de novo.*

(Italics ours.)

The Walshes and Imperial Pools, Inc., contend they participated in the arbitration hearing, through their attorney, pointing to the many ways in which the Mandatory Arbitration Rules allow a party's attorney to act on his/her

---

[1]RCW 7.06.050 states in relevant part:

"Following a hearing as prescribed by court rule, the arbitrator shall file his decision and award with the clerk of the superior court, together with proof of service thereof on the parties. Within twenty days after such filing, any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact. Such trial de novo shall thereupon be held, including a right to jury, if demanded."

RCW 7.06.070 states:

"No provision of this chapter may be construed to abridge the right to trial by jury."

behalf. We need not engage in an exhaustive analysis of what appears to this court to be self–evident; the plain meaning of MAR 5.4 denies trial de novo, if, without good cause, a party is absent altogether, *i.e.*, the classic *default* setting.

The arbitrator indicated on the form setting forth the arbitration award that part of his award was based on the failure of a party to participate at the hearing. However, he explained: "Defendant Imperial Pools, et al. presented no controverting testimony to refute plaintiffs Trowbridge testimony relating to warranties". This is not the equivalent of default. The defendants were represented by their attorney at the hearing. He presented argument, cross–examined the plaintiffs and plaintiffs' witness, presented a memorandum, and put into evidence the original contract and warranty documents. We hold it was error to conclude the Walshes and Imperial Pools, Inc., lost their right to trial de novo because they personally did not attend the hearing; they participated through their attorney and cannot be penalized for having failed to present enough evidence to prevail.[2]

We reverse and remand for trial de novo in superior court.[3]

McINTURFF, C.J., and GREEN, J., concur.

---

[2]The arbitrator prepared an affidavit in May 1986 expressing his belief "the defendants participated in the hearing within the meaning of MAR 5.4". However, we need not rely on this affidavit for the undisputed facts of the hearing lead to the same conclusion.

[3]The Walshes and Imperial Pools, Inc., requested in their brief statutory attorney fees and costs pursuant to RAP 18.1. We assume they are referring to RCW 4.84.080 and 4.84.090. Prevailing parties on appeal need not utilize the RAP 18.1 procedure to obtain their costs and the cost to be called the attorney fee provided in those statutes.