[No. 14332-5-III.   Division Three.   March 28, 1996.]

PATRICK A. COOK, ET AL., *Respondents*, v. SELLAND
CONSTRUCTION, INC., *Appellant.*

*Patrick G. McMahon* and *Carlson, Drewelow & McMahon, P.S.*, for appellant.

*Peter D. Poulson*, for respondents.

SWEENEY, C.J. — Any party to an arbitration is entitled to appeal by filing a written request for trial de novo in superior court within 20 days of filing the arbitration award. MAR 7.1. This appeal by Selland Construction, Inc., (Selland) follows an arbitration between Selland and Patrick A. and Kathleen R. Cook (the Cooks). But Selland appeals from the trial court's denial of Selland's pretrial motion for summary judgment. Selland did not request a trial de novo in superior court. The question presented is whether Selland may appeal the trial court's interlocutory order denying its motion for summary judgment and avoid the requirements of MAR 7.1, which requires a written request for a trial de novo. We conclude that it may not and dismiss the appeal.

## FACTS

Selland contracted with Chelan County to improve a section of Sleepy Hollow Road, a county roadway. Selland was obligated to dispose of fill material left over as a result of this road-widening project. Toward that end, it purchased a nearby lot from Bill Fisher. Selland also received permission from Mr. Fisher to maneuver its road construction equipment over another lot. A well which provided the Cooks with their potable water was located on the second lot. The Cooks contended, and an arbitrator found, that Selland's construction activities resulted in the well becoming muddy and eventually drying up entirely. Attempts to rehabilitate the well were ineffective.

On July 14, 1992, the Cooks sued Selland and Chelan County for trespass, inverse condemnation and private

nuisance. On April 26, 1994, the Cooks dismissed Chelan County and amended their complaint against Selland to claim negligence and nuisance. Selland moved for summary judgment. The Cooks responded with declarations from two experts, and excerpts and exhibits from depositions. Selland moved to strike the declarations of the Cooks' experts. The court denied the motion to strike. On June 30, 1994, the court dismissed the Cooks' nuisance claim, but refused to dismiss the negligence claim.

The case then moved to mandatory arbitration on August 9, 1994, pursuant to Chelan/Douglas County Local Rules for Mandatory Arbitration (LMAR) 2.1(a). Following a hearing, the arbitrator awarded the Cooks $16,785. On August 23, they filed the arbitration award in superior court. On September 22, Selland filed its first notice of discretionary review with this court, seeking review of the trial court's denial of its motion for summary judgment and denial of its motion to strike. On October 3, Selland filed an amended notice of discretionary review of the denial of its motion for summary judgment and of the arbitration award. Based on the amended notice of discretionary review, the clerk of this court treated the appeal as a matter of right. RAP 5.1(c) (incorrectly designated notice for discretionary review which is appealable to be given the same effect as a notice of appeal).

### DISCUSSION

Chelan County has adopted a mandatory arbitration procedure pursuant to RCW 7.06. Chelan/Douglas County LMAR 2.1(a). The express purpose of that procedure is to provide a simplified and economical means for prompt and equitable resolution of disputes of claims less than $35,000. Chelan/Douglas County LMAR 1.1(a).

These rules provide an arbitrator with considerable discretion, and the arbitrator is encouraged "not [to] hesitate to exercise that discretion." Chelan/Douglas County LMAR 1.1(a). The Chelan/Douglas County arbitration

rules are consistent with this state's policies on arbitration. *Munsey v. Walla Walla College*, 80 Wn. App. 92, 94-95, 906 P.2d 988 (1995) ("strong public policy in this state favor[s] arbitration of disputes. Among other things, arbitration eases court congestion, provides an expeditious method of resolving disputes and is generally less expensive than litigation.").

▮ The arbitrator becomes the judge of both the law and the facts. *Boyd v. Davis*, 127 Wn.2d 256, 263, 897 P.2d 1239 (1995) (quoting *Northern State Constr. Co. v. Banchero*, 63 Wn.2d 245, 249-50, 386 P.2d 625 (1963)). The arbitrator here then had authority to resolve both the question of Selland's duty to the Cooks and, of course, whether that duty had been breached. Selland concedes as much since those issues were fully litigated in the arbitration. It nevertheless contends that it can appeal the earlier denial of its summary judgment motion. We disagree.

▮ The arbitrator here was no more bound by the trial court's interlocutory order denying Selland's motion for summary judgment than the trial judge would have been had the case been tried in superior court rather than before an arbitrator. Once the case has been tried on its merits, review of a pretrial order denying summary judgment is neither possible nor appropriate. *See Johnson v. Rothstein*, 52 Wn. App. 303, 305, 759 P.2d 471 (1988). Selland's approach would circumvent an important purpose of summary judgment—avoiding useless trials. *Johnson*, 52 Wn. App. at 307. Further, if Selland was permitted to avoid the usual de novo review procedures required for arbitrations, it would avoid one of the effective inducements to accept the arbitrator's award—the potential for an award of attorney fees to the prevailing party. *See Christie-Lambert Van & Storage Co. v. McLeod*, 39 Wn. App. 298, 302-03, 693 P.2d 161 (1984) (the purpose of requiring that the appellant from a mandatory arbitration pay attorney fees if he or she does not improve her position in the trial de novo is to discourage meritless appeals).

102

The correct avenue for review of an adverse arbitration award is trial de novo. MAR 7.1. The superior court sitting in its appellate capacity can then review both the question of Selland's duty and its liability to the Cooks. As the court in *Pybas v. Paolino*, 73 Wn. App. 393, 398, 869 P.2d 427 (1994) noted, "the review of an arbitrator's award is carefully circumscribed." Direct appeals from the judgment on the arbitration award are not proper unless the appeal relates to a defect inherent in the judgment or the means by which the judgment was obtained. *Pybas*, 73 Wn. App. at 398-99. Neither is at issue here.

The appeal is dismissed.

SCHULTHEIS and MUNSON, JJ., concur.