[No. 38063-3-II.   Division Two.   October 20, 2009.]

STACIE DILL ET AL., *Respondents*, v. MICHELSON REALTY
COMPANY ET AL., *Appellants*.

*Dan'L W. Bridges* and *Justin E. Bolster* (of *McGaughey Bridges Dunlap, PLLC*), for appellants.

*Ben Shafton* and *Gideon D. Caron* (of *Caron Colven Robison & Shafton, PS*), for respondents.

¶1 VAN DEREN, C.J. — Michelson Realty Company and Equity Residential Properties Management Corporation appeal the trial court's judgment confirming a mandatory arbitration award, arguing that because the damages and attorney fees exceeded $50,000, the judgment is erroneous as a matter of law. We dismiss the appeal, holding that the judgment on the arbitration award is not appealable.

## FACTS

¶2 Stacie and Craig Dill filed suit under the Residential Landlord-Tenant Act of 1973 (RLTA), chapter 59.18 RCW. The Dills alleged that they leased an apartment and storage garage at an apartment complex owned by Michelson Realty Company and managed by Equity Residential Properties Management Corporation (collectively referred to as Equity) and that Equity disposed of and/or destroyed some property they placed in storage. The Dills sought damages of $75,000 for the loss of their property, $50,000 for emotional distress, and an award of attorney fees and costs. Equity denied the Dills' allegations.

¶3 A few months later, the Dills submitted a form entitled "Notice to Set for Trial and Statement of Arbitrability." They checked the box stating that "[t]he undersigned contends that its claim exceeds $50,000, but for purposes of arbitration, waives any claim in excess of $50,000." Clerk's Papers (CP) at 50.

¶4 The case proceeded to mandatory arbitration. The arbitrator awarded the Dills damages of $45,000.00, based on Equity's violation of the RLTA, and also awarded the Dills "[r]easonable attorney fees and costs . . . as allowed under the Act." CP at 11; RCW 59.18.230(4). In a separate

award, the arbitrator specified that the Dills would receive attorney fees of $27,300.00 and costs of $975.55.

¶5 Equity apparently sought trial de novo but then withdrew its request.[1] Equity then moved for entry of judgment on the arbitration award with one significant modification. Citing RCW 7.06.020, Equity argued for a reduction of the attorney fees awarded so that the total award, exclusive of interest and costs, did not exceed the $50,000 statutory maximum. The Dills responded that the statutory limit was exclusive of interest, costs, and fees; that Equity had made the same argument unsuccessfully to the arbitrator; and that the trial court had authority only to enter judgment on the arbitration award and not to modify it absent a request for trial de novo.

¶6 The trial court entered judgment on the arbitration award without modifying it. In addition to the $45,000.00 in damages, $27,300.00 in attorney fees, and $975.55 in costs that the arbitrator had awarded, the trial court awarded the Dills $3,000.00 in attorney fees for work completed since the arbitration award. The total amount of the judgment was $76,275.55.

¶7 Equity now appeals the judgment confirming the arbitration award.

## ANALYSIS

### I. APPEALABILITY

¶8 We first address the Dills' argument that the trial court's judgment is not subject to appellate review. We agree with the Dills, dismiss the appeal, and award fees to the Dills.

¶9 "The mandatory arbitration of civil actions is provided for in chapter 7.06 RCW." *Nevers v. Fireside, Inc.,*

---

[1] The request for trial de novo is not in the record, but both parties refer to the request in their briefing on Equity's motion for presentation of judgment and Equity confirmed at oral argument that it had filed and dismissed a request for trial de novo.

133 Wn.2d 804, 809, 947 P.2d 721 (1997). The purpose of authorizing mandatory arbitration in certain civil cases is to alleviate court congestion and reduce delay in hearing civil cases. *Christie-Lambert Van & Storage Co. v. McLeod*, 39 Wn. App. 298, 302, 693 P.2d 161 (1984). The procedures to implement the mandatory arbitration of civil actions are as provided in the Superior Court Mandatory Arbitration Rules (MAR) adopted by our supreme court. RCW 7.06.030; *Nevers*, 133 Wn.2d at 809. Washington courts interpret these rules strictly to effectuate their purpose of reducing court congestion. *Marquez v. Cascade Residential Design, Inc.*, 142 Wn. App. 187, 191, 174 P.3d 151 (2007).

¶10 RCW 7.06.050 provides a method of appealing from an arbitration award and, if no appeal is taken, a method for reducing the arbitration award to judgment:

> (1) Following a hearing as prescribed by court rule, the arbitrator shall file his decision and award with the clerk of the superior court, together with proof of service thereof on the parties. Within twenty days after such filing, any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact. Such trial de novo shall thereupon be held, including a right to jury, if demanded.
>
> . . . .
>
> (2) If no appeal has been filed at the expiration of twenty days following filing of the arbitrator's decision and award, a judgment shall be entered and may be presented to the court by any party, on notice, which judgment when entered shall have the same force and effect as judgments in civil actions.

¶11 MAR 6.3 expands upon the consequences of failing to request trial de novo:

> **Judgment.** If within 20 days after the award is filed no party has sought a trial de novo under rule 7.1, the prevailing party on notice as required by CR 54(f) shall present to the court a judgment on the award of arbitration for entry as the final judgment. A judgment so entered is subject to all provisions of law relating to judgments in civil actions, but it is not subject to appellate review and it may not be attacked or set aside except by a motion to vacate under CR 60.

¶12 There is no mechanism for reconsideration of a mandatory arbitration award. 15A KARL B. TEGLAND & DOUGLAS J. ENDE, WASHINGTON PRACTICE: WASHINGTON HANDBOOK ON CIVIL PROCEDURE § 79.3 authors' cmt. at 612 (2008-09). The arbitrator may amend an award "to correct an obvious error made in stating the award," but only if done within the time for filing the award or upon application of the superior court to amend. MAR 6.2; 15A TEGLAND & ENDE, § 79.3 authors' cmt. at 612. Amendments are permitted to adjust the award in matters of form rather than substance, such as to correct an inadvertent miscalculation or description. 15A TEGLAND & ENDE, § 79.3 authors' cmt. at 612-13. Parties who fail to request a trial de novo "may not alter [an arbitration award] by requesting action by the Superior Court which would amend that award." *Trusley v. Statler*, 69 Wn. App. 462, 465, 849 P.2d 1234 (1993).

¶13 The remedies for an unsatisfactory arbitration award are "limited to a trial de novo . . . and, in very limited circumstances, a motion to vacate the judgment on the award." 15A TEGLAND & ENDE, § 79.3 authors' cmt. at 613; MAR 6.3, 7.1. A judgment that is entered on a mandatory arbitration award is generally not subject to direct appellate review.[2] MAR 6.3; 15A TEGLAND & ENDE, § 79.3 authors' cmt. at 613. An appeal is allowed from the trial court's ruling on a motion to vacate the judgment but it is limited to whether the court abused its discretion when ruling on the motion. *Pybas v. Paolino*, 73 Wn. App. 393, 399, 869 P.2d 427 (1994).

¶14 As support for its direct appeal, Equity relies on *Cook v. Selland Construction, Inc.*, 81 Wn. App. 98, 912 P.2d 1088 (1996). At issue in *Cook* was whether, following the filing of an arbitration award, the defendant could appeal the denial of his pretrial motion for summary judgment

---

[2] In an exception to this rule, Division Three of this court permitted an appeal from the judgment where the superior court dismissed the losing party's request for trial de novo. *Trowbridge v. Walsh*, 47 Wn. App. 760, 737 P.2d 687 (1987). One treatise states that MAR 6.3 would seem to bar such an appeal. 4A KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE: MAR 6.3 author's cmt. 4, at 47 (7th ed. 2008).

without requesting a trial de novo. Division Three dismissed the appeal, holding that the correct avenue for review of the adverse arbitration award was trial de novo, where the superior court in its appellate capacity could review the merits of the summary judgment motion. *Cook*, 81 Wn. App. at 102. The court cited *Pybas* in stating that review of an arbitrator's award is carefully circumscribed and it also cited *Pybas* as authority for the following statement: "Direct appeals from the judgment on the arbitration award are not proper unless the appeal relates to a defect inherent in the judgment or the means by which the judgment was obtained." *Cook*, 81 Wn. App. at 102 (citing *Pybas*, 73 Wn. App. at 398-99). Equity cites this language in justifying its appeal to this court. *See also* 27 MARJORIE DICK ROMBAUER, WASHINGTON PRACTICE: CREDITORS' REMEDIES—DEBTORS' RELIEF § 5.95, at 550-51 (1998) (citing *Pybas* in stating that appeal of judgment on arbitration award is permitted if it relates to defect inherent in judgment or to the means by which it was obtained).

¶15 As stated, however, *Pybas* did not address a direct appeal from a judgment on an arbitration award. Rather, it concerned a direct appeal from an order vacating an arbitration award. On the pages cited in *Cook*, it did not refer to direct appeals but discussed when a CR 60 motion is appropriate. " '[A] CR 60 motion to set aside a judgment confirming an arbitration award can only be brought on the grounds of a defect inherent in the judgment itself or in the means (*i.e.*, "the court proceedings") by which it was obtained.' " *Pybas*, 73 Wn. App. at 398-99 (quoting *ML Park Place Corp. v. Hedreen*, 71 Wn. App. 727, 743, 862 P.2d 602 (1993)). In a prior passage, the court stated clearly that "a judgment on the award is not subject to appellate review." *Pybas*, 73 Wn. App. at 398.

¶16 In our view, *Pybas* does not support direct appellate review of a judgment on a mandatory arbitration award. *See* 15A TEGLAND & ENDE, § 79.4 authors' cmt. at 614 (citing *Pybas* as support for the principle that the grounds for vacating a judgment on an arbitration award under CR 60

are very limited). The Washington Supreme Court recently emphasized that the trial de novo is the sole way to appeal an adverse decision in chapter 7.06 RCW arbitration. *Malted Mousse, Inc. v. Steinmetz*, 150 Wn.2d 518, 532, 79 P.3d 1154 (2003). Here, Equity unsuccessfully argued during arbitration for a limitation on attorney fees. When that argument failed at arbitration, it sought to amend the arbitration award in the superior court by requesting reduction of the fee award. When that effort failed, it filed a direct appeal of the judgment on the arbitration award.

¶17 A party who appeals an arbitration award and fails to improve its position following trial de novo must pay costs and attorney fees. RCW 7.06.060(1); MAR 7.3. If a party could avoid the usual de novo review procedures required for arbitration, it "would avoid one of the effective inducements to accept the arbitrator's award--the potential for an award of attorney fees to the prevailing party." *Cook,* 81 Wn. App. at 101. Equity decided against a trial de novo and instead filed an appeal that the arbitration rules do not allow. We, therefore, dismiss its appeal without addressing the substantive issue presented.

## II. ATTORNEY FEES

¶18 The Dills request attorney fees on appeal under RCW 59.18.230(4) and RAP 18.1. "Where a statute . . . allows an award of attorney fees at trial, an appellate court has authority to award fees on appeal." *Bloor v. Fritz*, 143 Wn. App. 718, 753, 180 P.3d 805 (2008). RCW 59.18.230(4) entitles the Dills to fees on appeal.

¶19 We dismiss the appeal and award the Dills fees on appeal, which our commissioner shall determine, subject to the Dills' compliance with RAP 18.1.

HOUGHTON and PENOYAR, JJ., concur.