FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2019 JAN 22 AM 10: 11

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THOMAS ANDERSON,<br><br>                            Appellant,<br><br>        v.<br><br>JENNIFER JEAN BUKSH and DAVID<br>OMAR BUKSH,<br><br>                            Respondents. | No. 77543-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED:  January 22, 2019 |

CHUN, J. — Plaintiff Thomas Anderson prevailed in an arbitration against the Bukshes.  The arbitration award failed to incorporate an offset for an amount already paid to Anderson by the Bukshes' auto insurance carrier.  The arbitrator amended the award to include the offset.  Without disputing he had received the payment from the carrier, Anderson moved to strike the amended award on timeliness grounds.  He claimed, because the amendment did not meet the 14-day deadline of MAR 6.3, the trial court was required to enter the original award.  The trial court denied Anderson's request.  Because the trial court acted within its authority in allowing the amendment, we affirm.

## I.
## BACKGROUND

On August 8, 2013, Jennifer Buksh struck the rear end of Anderson's car while driving her car in Seattle.

In a letter dated March 22, 2014, Anderson's insurer, Safeco, notified Jennifer's[1] insurer, State Farm, that it had paid Anderson $2,347.28 in personal insurance protection benefits and was requesting reimbursement.

On August 9, 2016, Anderson commenced a lawsuit in King County Superior Court against Jennifer and David Buksh. The complaint asserted various negligence claims and requested damages.

The Bukshes filed their answer on November 28, 2016. The answer pleaded an affirmative defense for "offset for any damages or other monies already paid."

On February 27, 2017, the trial court transferred the case to mandatory arbitration and appointed an arbitrator. The arbitrator held a hearing on July 19, 2017. At arbitration, a representative from State Farm affirmatively represented to the arbitrator that the entire subrogated amount of $2,347.28 had been paid. The arbitrator issued his award on July 20, 2017[2], and awarded Anderson $6,609.66 plus $240 in taxable costs. The award also provided as follows:

> Twenty days after the award has been filed with the clerk, if no party has sought a trial de novo under MAR 7.1, any party on notice to all parties may present a judgment on the Arbitration Award for entry as final judgment in this case to the Ex Parte Department.

Because the arbitration award did not offset the $2,347.28 Anderson had already received, the Bukshes filed a motion to clarify with the arbitrator on July 26, 2017. The same day, the arbitrator emailed the Bukshes[3] as follows:

---

[1] This opinion refers to the Bukshes by their first names where necessary to prevent confusion. We do not intend any disrespect.

[2] The arbitrator also filed proof of service of the award on July 20, 2017.

[3] The arbitrator did not include Anderson on the email because at the time Anderson did not have Internet access. The Bukshes, however, did mail Anderson a copy of the email.

2

Any payment on behalf of the defendant to the plaintiff (or his care providers) up to, but not exceeding, the amount I awarded to compensate the plaintiff for medical specials is a set off on the award. I hope that the defense will pay the plaintiff the amount of the judgment awarded minus the previously paid medical bills (again up to the amount awarded for medical specials) without the need for an amended award. If not, let me know so that I can file an amended award. Upon such payment, the plaintiff should satisfy the award.

The arbitrator filed an "Order Clarifying Arbitrator's Award" on August 17, 2017. The order provided, "the Defendant [sic], by virtue of their earlier subrogation payments, has already paid Plaintiff the amount of $2,347.28. As such, the award remaining to be paid is $4,262.38 plus taxable costs of $240.00."

On August 24, 2017, Anderson rejected a check from State Farm for $4,526.38. Anderson stated he rejected the check because it did not come from the "defendant" and did not equal the amount of the mandatory arbitration award.

Anderson then moved to strike the amended award on August 25, 2017. He contended that, because the amended award was untimely and the Bukshes did not request a trial de novo, the court was required to enter the original arbitration award. Anderson also moved to enter the original arbitration award. The Bukshes opposed both motions and requested CR 11 sanctions, arguing the motion to strike was frivolous. On September 7, 2017, the court entered judgment denying Anderson's motions and ordering Anderson to pay $330 in sanctions.

The next day, Anderson attempted to obtain judgment on the original arbitration award through the ex parte department of King County Superior Court. On September 13, 2017, the Bukshes moved to strike this ex parte request.

3

They also obtained a temporary restraining order preventing Anderson from seeking entry of judgment without a compelling reason.[4]

On September 20, 2017, the Bukshes moved to deposit funds with the court pursuant to CR 67. They sought to deposit $4,196.38, the amount of the check from State Farm minus the $330 in sanctions. The trial court granted the motion on September 27, 2017.

Anderson appeals.

## II.
## ANALYSIS

Anderson asserts the trial court erred by denying his motion to strike the amended arbitration order and his motion to enter the original arbitration award. He claims the trial court was required to enter judgment on the original arbitration award because the arbitrator did not timely amend the award and the Bukshes did not seek a trial de novo. Determining the trial court did not err, we affirm.

Appellate courts interpret the mandatory arbitration rules as if the legislature drafted them and construe them consistent with their purpose. Wiley v. Rehak, 143 Wn.2d 339, 343, 20 P.3d 404 (2001). Mandatory arbitration aims to "reduce congestion in the courts and delays in hearing civil cases." Nevers v. Fireside, Inc., 133 Wn.2d 804, 815, 947 P.2d 721 (1997) (emphasis omitted) (internal citations and quotations omitted). Appellate courts review de novo whether the trial court correctly applied the rules to the facts. Malted Mousse, Inc. v. Steinmetz, 150 Wn.2d 518, 525, 79 P.3d 1154 (2003).

---

[4] The Bukshes state the court declared their motion to strike moot and did not hear it because Anderson did not fix an error in noting his ex parte motion.

MAR 6.2 concerns the filing of an arbitration award. It provides as follows:

Within 14 days after the conclusion of the arbitration hearing, the arbitrator shall file the award with the clerk of the superior court, with proof of service upon each party. On the arbitrator's application in cases of unusual length or complexity, the arbitrator may apply for and the court may allow up to 14 additional days for the filing and service of the award. If the arbitrator fails to timely file and serve the award and proof of service, a party may, after notice to the arbitrator, file a motion with the court for an order directing the arbitrator to do so by a date certain. Late filing shall not invalidate the award. The arbitrator may file with the court and serve upon the parties an amended award to correct an obvious error made in stating the award if done within the time for filing an award or upon application to the superior court to amend.

MAR 6.2. An arbitrator may amend an award "to adjust the award in matters of form rather than substance, such as to correct an inadvertent miscalculation or description." Dill v. Michelson Realty Co., 152 Wn. App. 815, 820, 219 P.3d 726 (2009) (citing 15A DOUGLAS J. ENDE & KARL B. TEGLAND, WASHINGTON PRACTICE: CIVIL PROCEDURE, § 79.3 authors' cmt. at 612-13). Under the rule, an arbitrator may make such an amendment "either within 14 days after filing and service of the award or later, *only if allowed by the court*." Bongirno v. Moss, 93 Wn. App. 654, 662, 969 P.2d 1118 (1999) (emphasis added), overruled on other grounds by Malted Mousse, Inc. v. Steinmetz, 150 Wn.2d 518, 79 P.3d 1154 (2003).

Here, the Bukshes asked the arbitrator for an order clarifying that the earlier subrogation payment offset the amount awarded to Anderson. In an email, the arbitrator made clear he intended the award to offset the previous payment to Anderson. The arbitrator filed an "order clarifying arbitrator's award" consistent with the email.

5

Though the arbitrator titled his second filing an "order clarifying arbitrator's award," it was an amended award. The second filing sought to remedy the same type of errors in calculations resolved by amendments. Additionally, the arbitrator noted in his email that he may have to file an amended award to reflect the offset. As such, the second filing is an amended award subject to MAR 6.2.

MAR 6.2 requires arbitrators to amend an award within 14 days of filing and service or upon a party's application to superior court to amend. The amended award in this case did not meet either requirement. However, an arbitrator may file an amended award after the 14-day deadline if approved by the court. Here, the court approved the late amendment by denying Anderson's motion to strike the amended award after hearing his argument based on the same issue of timeliness.

As the arbitrator had intended the award to offset the previous payment to Anderson and he amended the award within a month, we see no reason to determine that the court erred in allowing the late amendment. We affirm the trial court's order denying Anderson's motion to strike and its order granting the Bukshes' motion to deposit funds.[5]

Affirmed.

_____
Chun, J.

WE CONCUR:

_____
Leach, J.

_____
Dwyer, J.

---

[5] Because Anderson does not prevail on appeal, we decline his request to seek costs under RAP 14 and fees and expenses under RAP 18.